## El Pueblo *v.* Ruiz.

Apelación procedente de la Corte de Distrito de San Juan.

No. 19.—Resuelto en Junio 9, 1904.

Pruebas—Declaraciones de un Testigo Fallecido—Objeciones.—Si el acusado tuviere alguna objeción legal que oponer á la lectura durante el juicio de la declaración de un testigo fallecido, prestada por ante el Fiscal, y en la que éste hubiere fundado parcialmente su acusación, deberá hacer tal objeción ante la Corte inferior, y si no la hiciere, se presumirá que la declaración ha sido correctamente admitida.

Id.—Declaraciones Contradictorias de un Testigo Fallecido.—Las disposiciones del artículo 245 del Código de Enjuiciamiento Criminal deben ser interpretadas en sentido liberal, y de acuerdo con ellas, la declaración de un testigo fallecido, prestada ante un Juez de Paz en la investigación del caso objeto de la acusación, debe ser admitida como prueba para contradecir otra declaración del mismo testigo, hecha ante el Fiscal en el mismo caso, debiendo el Tribunal apreciar ambas declaraciones y tratar de armonizarlas, si es posible, dando al acusado el beneficio que de ellas pudiera resultarle, ya que la falta de cumplir estrictamente con las disposiciones del referido artículo no puede imputársele en modo alguno.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Ramos (Juan R.)*

Abogado del apelado: *Sr. del Toro, Fiscal.*

El Juez Asociado Sr. MacLeary, emitió la siguiente opinión del Tribunal.

El apelante en esta causa, en 1° de Febrero de 1904, fué declarado culpable del delito de agresión y condenado á sufrir un mes de prisión en la Cárcel del Distrito. Contra esta sentencia interpuso dicho apelante recurso de apelación ante este Tribunal, y su abogado presenta la causa aquí con los autos, con su informe oral y un alegato que ha presentado por escrito á favor del citado apelante. El Fiscal de este Tribunal compareció en nombre del Pueblo y presentó un alegato por escrito é hizo un informe oral en dicha causa.

No se presentó ningún pliego de excepciones con arreglo al método dispuesto por la ley, pero el Secretario del Tribunal sentenciador ha expedido una certificación y la ha unido á los autos, diciendo que consta en autos que en el acto del juicio, el abogado del acusado propuso como prueba, la declaración hecha por el testigo Cornelio Nieves, en las diligencias de instrucción practicadas por el Juez de Paz en la Carolina, cuya declaración se hallaba en poder del Fiscal, y que á causa de objeciones hechas por aquél funcionario, dicho testimonio fué excluído por el Tribunal, á lo cual el acusado se opuso por conducto de su abogado. Esto también consta sustancialmente en la relación que de los incidentes del juicio ha hecho el Secretario y que constituye el protocolo del mismo.

Se comprobó completamente el fallecimiento del testigo, y el Fiscal presentó como prueba, una declaración jurada que el testigo difunto había prestado ante él, y en cuya declaración estaba parcialmente basada la acusación. El Letrado defensor del acusado negó el derecho de presentar la otra declaración jurada hecha por el difunto testigo, para demostrar contradicciones que existían entre las dos y, de este modo, desacreditar la declaración ya admitida.

El acusado, con arreglo á las Leyes de Puerto Rico, tiene el derecho de ser careado con los testigos contra él, con ciertas excepciones dispuestas en el artículo 11 del Código de Enjuiciamiento Criminal, que dice lo que sigue:

"Art. 11.—En un proceso criminal el acusado tiene derecho á

1.   Un juicio rápido y público.

2.   Que se le asigne defensor ó se le permita defenderse en persona y con abogado.

3.   Presentar sus testigos.

4.   Confrontarse con los testigos contrarios en presencia del Tribunal, excepto cuando se hubieren practicado las primeras diligencias ante un promotor fiscal ó juez de paz; ó cuando el testimonio de algún testigo presentado por el Pueblo, é imposibilitado de prestar fianza para su comparecencia, hubiere sido tomado en presencia del reo, quien en persona ó por medio de su abogado hubiere repreguntado, ó tenido oportunidad para repreguntar al testigo, en cuyo caso la deposición de éste podrá ser leída, y siempre que se justificare á satisfacción del Tribunal haber fallecido ó estar demente dicho testigo ó no poderse encontrar en Puerto Rico, á pesar de las diligencias practicadas al efecto. El examen de testigos por el promotor fiscal según lo dispuesto en el artículo 3, se hará privadamente, y no deberá aquél interrogar á los testigos del acusado, excepto en el acto de celebrarse el juicio público."—Cód. Enj. Cm., Est. Rev. pp 672 y 673.

Si el acusado tenía alguna objeción legal á que se leyera en el acto del juicio celebrado ante el Tribunal de Distrito en el nombre del Pueblo, la declaración que el difunto testigo hizo ante el Fiscal, debía haber presentado tal objeción al Tribunal. No habiéndolo hecho, es de presumirse que procedía admitir la declaración.

Siendo esto así, su derecho de contradecir la misma, se funda en la recta interpretación del artículo 245 del Código de Enjuiciamiento Criminal, que dice lo siguiente:

"Art. 245.—También puede ser impugnada la veracidad de un testigo por medio de prueba que demuestre que en ocasiones anteriores ha hecho manifestaciones que no concuerdan con su actual declaración; pero antes de hacerlo, se le referirán dichas manifestaciones, con

expresión de la época, lugares y personas que hubieren estado presentes al hacerlas, y se le preguntará si dichas manifestaciones fueron hechas por él permitiéndosele que las explique, si contestare afirmativamente.   Si las manifestaciones fueren escritas, se enseñarán al testigo antes de interrogarle acerca de ellas.''—Cód. Enj. Cm., Est. Rev. pp 731.

Para tachar al testigo de cargo mediante la demostración de declaraciones contradictorias, el Letrado defensor del acusado debía establecer la base necesaria, cumpliendo en lo posible con el artículo de la ley arriba citada.   Pero la ley no exige imposibilidades á ningún hombre, sea ó no acusado de un delito.   Si el testigo Cornelio Nieves hubiese vivido y hubiese estado presente en el acto del juicio, entonces, por supuesto, se hubiese podido cumplir con la ley, y establecer dicha base y se debía haberlo hecho así.   Pero como se ha demostrado que estaba muerto, esto era evidentemente imposible.

El Fiscal del Distrito parece haber tenido en su poder como tenía el derecho—dos declaraciones hechas por el difunto testigo, una de las cuales había hecho ante el Fiscal, y la otra ante el Juez de Paz.   Él presentó solamente una de estas.   El acusado, aunque no se opuso á la que se presentó, exigió la presentación de la otra.   Todo principio de equidad y justicia exige que debía habérsele concedido el beneficio de esta declaración, cualquiera que hubiese sido su contenido. No era su culpa que no la podía exhibir al testigo antes de presentarla al Tribunal ó al jurado.   Y especialmente, como esta era una causa juzgada ante el Tribunal sólo, sin un Jurado, y el Tribunal tenía el poder y el derecho de apreciar las dos declaraciones y reconciliar sus contradicciones, si es que existían, debía haberse admitido la prueba.   Si el Fiscal del Distrito hubiese presentado la declaración hecha ante el Juez de Paz, y retirado la otra, el Tribunal con igual razón, hubiese podido negarse á recibir la declaración hecha ante el Fiscal, de modo que en realidad hubiese quedado al albedrío del Fiscal del Distrito el escoger entre las dos declaraciones, quedando desamparado el acusado.   Nosotros no podemos auto-

rizar semejante interpretación de la ley. Puesto que el acusado, por la exclusión de pruebas legales propuestas por él, en el juicio, ha sido privado de un derecho substancial, debe concedérsele un nuevo juicio.

*Ordenada la celebración de un nuevo juicio.*

Jueces concurrentes, Sres. Presidente, Quiñones, y Asociados, Hernández y Figueras.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.